## WORK HOURS FOR FEMALE EMPLOYES IN A CANDY FACTORY.

### Common Pleas Court of Hamilton County.

### REINHART & NEWTON CO. v. STATE OF OHIO.

#### Decided, April, 1913.

*Appearance—Criminal Law—Work and Labor—Service on Corporations in Criminal Proceedings—Employment of Females in Candy Factories—Sections 1008 and 13607.*

1. The inhibition of General Code, 1008, against the employment of females over eighteen years of age more than ten hours a day or fifty-four hours a week, except in canneries or establishments engaged in the preparation for use of perishable goods, applies to candy factories.

2. In candy factories there can be no work performed overtime except to prevent the goods from perishing. The fact that goods could not be prepared in summer so that the factory was compelled to work overtime in the fall to prepare goods for the holiday trade is no defense.

3. In a criminal or *quasi* criminal proceeding the only way service can be obtained upon a corporation is by issuing and serving a summons on one of its officers as provided in cases of indictment. General Code, 13607.

4. If the president of the corporation is arrested on a complaint against a corporation for violation of a penal statute, and if the corporation thereafter files a motion to quash on grounds other than that of lack of jurisdiction of the person, this is a voluntary appearance of the corporation and the justice has jurisdition. A motion to quash because the justice has no jurisdiction of the person of the defendant and of the subject-matter is an appearance, though the defendant states it appears solely for the purpose of the motion.

*Charles B. Wilby,* for plaintiff.
*John A. Deasy,* contra.

MAY, J.

This is a proceeding in error to reverse a judgment rendered by the magistrate finding the defendant corporation guilty of violating provisions of General Code, Section 1008, prohibiting every person, partnership or corporation from employing females over eighteen years of age more than ten hours a day.

The defendant seeks a reversal of the judgment on two grounds:

First, that the magistrate had no jurisdiction of the person of the defendant and the subject-matter of the action; and second, that the defendant being engaged in the preparation for use of perishable goods was within the exception of General Code, Section 1008, which reads:

"Provided, however, that no restrictions as to hours of labor shall apply to canneries or establishments engaged in preparing for use perishable goods."

The contention that the magistrate did not have jurisdiction of the person of the defendant is based upon the fact that no summons was issued to bring the defendant corporation into court.

From the transcript and original papers in the case, it appears that an affidavit charging a violation of the statute was filed with the justice on October 4, 1912, and on October 10, 1912, the justice issued a warrant to the constable commanding him "to take the said Reinhart & Newton Company, a corporation, by one of its officers, if he be found in your county * * * and him take and safely keep so that you have his body forthwith before me," etc. The return on the warrant is as follows:

"October 11, 1912, I have the body of the within named J. D. Reinhart now in court. Edward Wise, Constable."

The defendant, appearing for the purpose of its motion only, and not entering its appearance generally, filed a motion to quash the information because of defects apparent upon the face of the record in this, to-wit:

1. Because the court lacked jurisdiction of the person of the defendant and of the subject-matter of the action; and,

2. Because of the lack of definiteness and certainty in the election of the offense in that it does not allege in what hours more than ten hours on the day named in the information, the said Ida Kennedy worked in the factory of the defendant.

Upon the overruling of the motion; the defendant, appearing solely for the purpose of demurrer, demurred, (1) because the facts do not constitute an offense against the laws of the

state of Ohio; and (2) because the court is without jurisdiction of the person and the subject-matter of this action.

The demurrer was likewise overruled.

The plaintiff in error, the defendant below, now contends that the magistrate erred in assuming jurisdiction over the person of the defendant. The state claims that by filing the demurrer, under Section 13625, General Code, the defendant below entered its appearance.

If the defendant below had saved its rights by its motion to quash, it would not have waived any rights by demurring to the petition.

In Ohio there is no statutory authority for the arrest of a corporation. Neither is there any provision for serving a warrant on an officer of a corporation against which a complaint is lodged before a magistrate. When an indictment is returned against a corporation under Section 13607, General Code, a summons commanding the sheriff to notify the accused shall issue, and such summons, with a copy of the indictment, shall be served and returned in the manner provided for service of summons upon such corporation in civil actions.

Although in this case there was no indictment, still, by analogy, if a summons had been issued and served on the president, the service would have been good.

But, in my opinion, the defendant below waived its rights by voluntarily entering its appearance in this case by its motion to quash, which, although stated on its face that the defendant in making the motion appeared solely for the purpose of filing the motion and questioned the jurisdiction of the court, still, the motion went further and by alleging that the court did not have jurisdiction over the subject-matter of the action and also that the affidavit lacked definiteness and certainty in the election of the offense, went into the merits of the case.

*Elliott* v. *Lawhead,* 43 Ohio St., 171, holds that where a motion also asks to have a case dismissed on the ground that the court has no jurisdiction over the subject-matter of the action, which motion is not well founded, it is a voluntary appearance which is equivalent to a service of summons.

The motion in this case was very much like the motion in the case at bar. It contained two points: (1) to strike the case

from the docket and the petition from the files for want of legal and proper service; and (2) because said court had no jurisdiction of the subject-matter of said action or debt.

In *Blinn* v. *Rickett,* 6 C.C.(N.S.), 513, it is held:

"Whenever the defendant asks the court to pass upon any question connected with the merits of the case, that moment he submits himself to the jurisdiction of the court."

In *Smith* v. *Hoover,* 39 Ohio St., 249, Judge McIlvaine, in laying down the proposition that a defendant has the right to appear by motion for the purpose of raising the question of jurisdiction and that such motion is not an appearance in the case. says at page 257:

"In respect to this question, an important distinction is made between an objection to the jurisdiction of the subject-matter of the suit, and of the person of defendant, although complete jurisdiction in the court to hear and determine the action is not acquired unless the court has jurisdiction over both the subject-matter and the person.   An objection to jurisdiction over the subject-matter is a waiver of objection to the jurisdiction of the person, while an objection to the jurisdiction of the person is a waiver of nothing."

See also *Long* v. *Newhouse,* 57 Ohio St., 348.

Under the authorities, therefore, the defendant below, by filing its motion although it stated on its face that it was filed merely for the.purpose of the motion alone, raising questions other than those of jurisdiction, waived its rights and entered its appearance.

The second ground upon which the defendant seeks a reversal of the judgment is not well taken.

The defendant contends that it is within the exception of the statute, "provided, however, that no restrictions as to hours of labor shall apply to canneries or establishments engaged in preparing for use perishable goods."

The record shows the defendant is engaged in the manufacturing of candies.  Candies, of course, are perishable goods. But the testimony further shows that at the time of the violation of the statute, to-wit, September 23, 1912, the defendants' employes were working overtime not to prepare for use perishable

goods which otherwise would have been destroyed but to prepare goods for the Thanksgiving and Christmas trade.

The defendant's claim is that because it could not manufacture candies during the summer months for the fall trade, such goods being perishable if made in summer, therefore it could employ female labor overtime in the fall because the purpose of the exception was to favor establishments that have a short season.

This construction is untenable. The language of the statute is clear and applies only to such establishments engaged in preparing for use perishable goods. As the goods in this case, *i. e.*, candies, were not perishable at the time of their preparation, and this is the indisputable evidence, the defendant at the time of the offense charged was not engaged in preparing for use perishable goods, and therefore is not within the exception of the statute.

If the Legislature intended to permit establishments which, because of the necessities of the case, have only a short season, to work overtime, it should have so worded the law. The defendant's appeal is to the Legislature, not the courts. Courts must construe a statute as it is written, not as a legislative committee presumed to write it.

Counsel for the defendant likewise contends that inasmuch as there are no other establishments in the state, except candy factories, to which the phrase "engaged in the preparation for use of perishable goods" can apply, that it was the intention of the Legislature and that therefore the defendant is within the exception.

This construction is forced. The court can not say that the language used is a circumlocution for "candy factories." Had the Legislature intended this, it should have used words whose meaning is free from doubt.

There can be no doubt that if the defendant had been employing female labor overtime to prepare goods which otherwise would have perished there would have been no violation of the law. But, as already stated, the evidence conclusively shows that the goods were made in September for the fall holiday trade because they could not be made in summer. But the charge is for working overtime in the fall, not in the summer.

There being no error in the record, the judgment is affirmed.